CHANDLER ET AL. *v.* CHANDLER ET AL.

[71 South. 811.]

1. TRUSTS. *Termination. Personal trusts. Death of trustees. Partition. Land subject to partition. Statute.*

   Where a trustee was invested with the legal title to lands for the use of certain children, with power to sell the same "in his discretion," this means that he could sell or not as in his judgment was for the best interest of his *cestui que trust.* In such case the trust reposed in the trustee in so far as the power to sell is concerned, was a purely personal one, and cannot be exercised by another, and upon the death of the trustee the power to sell becomes extinct.

2. PARTITION. *Land subject to partition. Statutes.*

   In such case although it may be conceded that the legal title is vested in some person or persons other than the children, such person or persons hold the land in trust without any duties to

discharge relative thereto, but merely for the benefit of the children, who are entitled to the possession thereof and against whom the legal title cannot be set up so that under section 3521, Code 1906, they are entitled to a partition.

APPEAL from the chancery court of Madison county.

HON. P. Z. JONES, Chancellor.

Bill for partition between J. P. Chandler and others and P. R. Chandler and others. Demurrer to bill sustained and J. P. Chandler and others appeal.

John F. Wikerson, formerly a resident, of Madison county, died in 1909, leaving a last will and testament, item 2 of which is as follows:

"I give, bequeath and devise unto R. C. Chandler in trust all of the remainder of my property, real, personal and mixed, of every nature and kind whatsoever, for the use and benefit of all of the children of Ann Chandler and Abe Chandler, of Halifax, Virginia, and the said R. C. Chandler is invested with the legal title to the same and is empowered to sell, assign, transfer and convey any and all of it as in his discretion he may see fit, for the use and benefit of said children aforesaid, and the purchaser need not look to the application of the proceeds of said sale, or sales, but said R. C. Chandler shall not sell any of the said lands until twenty years have elapsed, unless he can sooner sell it for as much as twenty, dollars per acre—for that he may sell."

R. C. Chandler is named as the executor, and he qualified and proceeded to execute his trust. R. C. Chandler died in 1912, and thereafter appellants, who are the children of Ann and Abe Chandler, filed a bill for partition of the property bequeathed to them by the terms of said item of the will of said Wilkerson. The heirs at law of R. C. Chandler, deceased, are made defendants to the bill. It is alleged in the bill that since the death of R. C. Chandler the trust, which was personal to him, has failed, and that the land devised in said will descended upon the death of R. C. Chandler to these petitioners free from any trust or limitations, and that the petitioners are the

owners in fee simple, and that said lands are now subject to be partitioned in kind among them. The prayer is for partition.

The defendants filed a demurrer, which alleged that under the clause in the will referred to the land must be held in trust for twenty years, and that the complainants are not entitled to a partition in kind until after the expiration of twenty years. The court sustained the demurrer, and this appeal is prosecuted.

Section 3521 of the Code of 1906, referred to in the opinion, is as follows:

"Partition of land held by joint tenants, tenants in common, or coparceners, having an estate in possession or a right of possession and not in reversion or remainder, whether the joint interest be in the freehold or in a term of years not less than five, may be made by decree of the chancery court of that county in which the lands, or some part thereof, are situated; or if the lands be held by devise or descent, the division may be ordered by the chancery court of the county in which the will was probated or letters of administration granted, although none of the lands be in that county."

*H. B. Greaves,* for appellants.

*Green & Green* and *W. H. & R. H. Powell,* for appellees.

SMITH, C. J., delivered the opinion of the court.

The sole question presented to us on this record is whether or not the land here in question is subject to partition at the suit of the children of Ann and Abe Chandler before the expiration of twenty years from the death of the testator.

By the will the legal title to the land was vested in R. C. Chandler and the equitable title thereto in the children of Ann and Abe Chandler. To R. C. Chandler was also given the power to sell the land "in his discretion,"

from which we understand that he could sell or not as in his judgment was for the best interests of his *cestuis que trust*. The trust reposed in him, therefore, in so far as the power to sell is concerned, is a purely personal, one, and cannot be exercised by another, from which it follows that upon his death the power to sell became extinct.

We are not called upon now to determine in whom the legal title to the land is vested, for, conceding that it is vested in some person or persons other than the children of Ann and Abe Chandler, such person or persons hold the land in trust without any duties to discharge relative thereto, but merely for the benefit of the children of Ann and Abe Chandler, who are entitled to the possession thereof, and against whom the legal title cannot be set up (*Brown* v. *Doe ex dem. Weast*, 7 How. 181), so that under section 3521, Code of 1906, they are entitled to a partition. The decree of the court below will be reversed, and the cause remanded, with leave to appellee to answer within thirty days from the filing of the mandate in the court below.

*Reversed and remanded.*