NICHOLSON ET AL. *v.* FIELDS ET AL.

[71 South. 900.]

PERPETUITIES. *Wills. Violations of rule. Statute. Fee simple.*

Where a testator's will bequeathed land to certain nephews providing that it should go to them equally in undivided shares on conditions that if they all had heirs of the body, each should transmit to his issue his share, but if one should fail to have issue, his share should go to the survivor or survivors in equal parts, or if two of them should fail to leave surviving heirs of the body, the survivor should inherit the whole property, but if they all failed to have heirs of the body the entire property should go to grandsons for life, or to the heirs of

their body, or on failure of heirs of the body in both lines, then to the next of kin, always preferring those bearing testator's name, in equal degree of kinship, such will violated the rule against perpetuities, as laid down, in Code 1906 section 2765, which prohibits estates in fee tail and in such case the nephews took an estate in fee simple.

APPEAL from the chancery court of Kemper county.
HON. J. F. McCOOL, Chancellor.

Bill of complaint by C. S. Field and others against T. H. Nicholson and others. From a decree for complainants, defendants appeal.

Section 2765 of the Code of 1906, referred to in the opinion, is as follows:

Estates in fee tail are prohibited; and every estate which, but for this statute, would be an estate in fee tail, shall be an estate in fee simple; but any person may make a conveyance or a devise of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and, in default thereof, to the . . . heirs of the donor, in fee simple.

COOK, P. J., delivered the opinion of the court.

Appellees exhibited their bill of complaint in the chancery court of Kemper county for the purpose of having the court to construe the last will and testament of James Milton Nicholson, Sr., deceased, and to have the court remove the cloud on complainant's title to certain described lands. A demurrer to the bill was filed by appellants, which demurrer was overruled, and appellants filed their answer making same a cross-bill. On a final hearing the following decree was entered in the cause, viz:

"This day came on to be heard before James F. McCool, chancellor of the sixth chancery district of said state, in vacation, at Kosciusko, Miss., the above-entitled cause under an order made at the December term, 1913, of said chancery court sitting at De Kalb, Miss., taking the said cause under advisement, decree to be rendered

in vacation; and, the said cause having been submitted on bill of complaint, exhibits thereto, answer and cross-bill of defendant, answer of complainants, cross-bill, and written agreement, and also on brief of counsel, and the chancellor, having considered the same and being satis-fied that complainants are entitled to the relief prayed for in their bill of complaint, doth order and decree that the allegations of the said bill of complaint be and they are hereby sustained, and that complainants are hereby declared to be the owners in fee simple of the lands in controversy, and the clouds to the complainants' title, as asserted by the said defendants, be and are hereby removed. The said lands being described as follows, to wit [describing the land].

"And the chancellor, being called on by the pleading in this cause to construe the will of James Milton Nich-olson, deceased, a copy of which said will is attached as an exhibit to the bill of complaint, which is the main question involved herein, holds and does decree that the said testator, James Milton Nicholson, deceased, in at-tempting to control the alienation of the lands men-tioned in said last will and testament, both the lands devised to his nephews Joseph Allen Nicholson, James Lauren Nicholson, and John Quitman Nicholson, and also the lands devised to his grandsons, the defendants in this cause, beyond the period of time and number of donees not permitted by law, violated the rule against perpetuities under the laws of the state of Mississippi, and the chancellor holds and decrees that the lands devised to his said nephews, they being the first takers thereunder, which said lands are described in said last will and testament, a part of which as above described being in controversy in this suit, became the property in fee simple of said nephews, and that complainants, by virtue of this conveyance executed to them by said nephews, to wit, Joseph Allen Nicholson, James Lauren Nicholson, and John Quitman Nicholson, which convey-ance is recorded in Deed Book Y, at page 6 of the rec-

ords of deeds of Kemper county, are now vested with the fee-simple title to said lands.

"And the chancellor, being also requested to construe the whole will, further holds and decrees that the said James Milton Nicholson, deceased, in attempting to control the alienation of the lands mentioned in said will beyond the period of time and to the number of donees not permitted by law, has violated the rule against perpetuities under the laws of this state. And he holds and decrees that the lands devised therein to the said defendants Thomas Howard Nicholson and James Milton Nicholson were vested in fee simple in said Thomas Howard Nicholson and James Milton Nicholson, to wit [describing the land].

"The chancellor further orders and decrees that the complainants and defendants each pay one-half of all of the costs of this proceeding to be taxed.

"Adjudged and decreed at chambers in the city of Kosciusko, Miss., March 18, 1914.

"JAMES F. McCOOL, Chancellor."

From this decree this appeal is prosecuted.

The clause of the will construed by the chancellor is in these words:

"I bequeath to my nephews [naming them] the following lands [describing them]. This land is to go to the said Joseph Allen Nicholson, James L. Nicholson and John Nicholson in equal undivided shares, on the following conditions: If they all have heirs of the body, each of them shall transmit unto his issue his share; but if one should fail to have issue of the body his share shall go to the survivor or survivors in equal parts; or if two of them shall fail to leave surviving heirs of the body, then the survivor shall inherit the whole property; but in the event they all fail to have heirs of the body, the entire property hereby bequeathed to them shall go to Thomas Howard Nicholson and James Milton Nicholson, if living, or to the heirs of their bodies, if any. Or, on failure of the heirs of the body in both

lines, then to the next of kin, computed as before according to the rule in said law, but always preferring those bearing the name of Nicholson, in equal degrees of kinship.''

The question for us to decide, as we conceive it, is whether or not section 2765 of the present Code, our statute embracing the rule against perpetuities, has been violated by the provisions of the will just quoted,— and, if so, what will be the legal effect of such violation? In other words, who will take the land in controversy?

It will be observed that the first sentence of the will, in express and apt language, devises the land to the nephews of the devisor. If that was all there could be no doubt about the intention of the testator. But after bequeathing a fee-simple estate, the testator immediately proceeded to annex conditions and limitations to the estate devised. If we cut out the conditions and limitations, the effect of the will is clear and definite. There is no sort of doubt about the intention of the testator. His intention, clearly expressed, was to entail the estate granted to his three nephews. Did he succeed in evading the last clause of section 2765 of the Code? He devised the land to three donees ''in equal undivided shares,'' and then he desired that if either one of these three donees should die without issue, his undivided share should go to the two living donees, but if two of the donees died without issue the survivor would then ''inherit the whole property.'' So, we have ''a devise of lands to a succession of donees then living'' exceeding two. But this is not all, the will goes a step further, and provides ''in the event they all [meaning the three nephews] fail to have heirs of the body, then the entire property hereby bequeathed to them shall go to'' his grandsons, etc. It is impossible to separate the several provisions of this will limiting the estate first granted to the nephews of the testator without making a will for the deceased. His intentions are manifest—

he undoubtedly intended to create a fee tail, and succeeded in doing so.   He violated the rule against perpetuities, and thereby created "an estate in fee simple" to his nephews.

"Although the construction to be put upon an instrument is not affected by the existence of the rule against perpetuities, yet when there is a good, absolute gift, and the settlor or testator goes on, in an additional clause, to modify the gift, and by modifying it makes it, in part, too remote, the modification is rejected in toto, and the original gift stands."   The Rule against perpetuities, Grav (3d Ed.)   section 423; *Hudson* v. *Gray*, 58 Miss. 882.

There is some confusion in the authorities on this subject in this and other states, but we believe that the rule announced above is the true rule, and that the chancellor was right in so holding.

*Affirmed.*