## LAZARD *v.* HILLER *et al.**

(Division A.   Jan. 10, 1927.)

[110 So. 855.   No. 26093.]

1. PERPETUITIES. *If future interests constitute perpetuities, prior interests become such as if limitation of future estates was omitted (Hemingway's Code, section 2269).*

   If future interests created by any instrument are void, under Code 1906, section 2765 (Hemingway's Code, section 2269), as creating perpetuities, prior interests become what they would have been had limitation of future estates been omitted from instrument, statute not being rule of construction or test by which to determine intention.

2. WILLS. *If limitations over in devise to life tenant's children were void, they would become inoperative and absolute fee vest in children (Hemingway's Code, section 2269).*

   Under will devising life estate to testator's daughter, with fee simple to daughter's children on arriving at the age of twenty-one years, the provision for limitations over in case of children's death before arriving at age of twenty-one years, if such limitations were void, under Code 1906, section 2765 (Hemingway's Code, section 2269), would simply become inoperative and estate in fee devised to children would become absolute.

3. PARTITION. *Remaindermen cannot maintain suit for partition before reaching age of twenty-one, as required by will.*

   Under will devising life estate with remainder in fee simple to children of life tenant on their becoming twenty-one years of age, with certain limitations over in case children died before reaching twenty-one, remaindermen are without right to maintain partition suit before reaching twenty-one years of age.

(Division A.   May 9, 1927.   On Suggestion of Error.)
[112 So. 585.]

PARTITION. *Discharge of administrator c. t. a. held not to authorize remaindermen to maintain partition suit before reaching age required under will.*

145 Miss.—29.

That administrator *cum testamento annexo* has been discharged, making trust created by will devising fee simple to children of life tenant on their becoming twenty-one inactive, *held* not to authorize suit for partition by remaindermen before reaching age of twenty-one, since fact that there is no trustee discharging trust is of no consequence, as trustee may be appointed at any time by proper chancery court.

---

*Corpus Juris-Cyc. References: Partition, 30Cyc, p. 182, n. 37; Perpetuities, 30Cyc, p. 1522, n. 16; Wills, 40Cyc, p. 1955, n. 70.

*Corpus Juris-Cyc. References: Partition, 30 Cyc, p. 185, n. 53; Trusts, 39Cyc, p. 277, n. 82; p. 282, n. 12.

APPEAL from chancery court of Madison county.

HON. V. J. STRICKER, Chancellor.

Suit by Matthew C. Hiller and others against Mrs. Flora Lazard. Decree for complainants, and defendant appeals. Reversed and remanded.

*W. H.* and *R. H. Powell,* for appellant.

In many cases this court has upheld the validity of wills similar to the case at bar. For much learning upon the construction of Wills, see *Henry* v. *Henderson,* 103 Miss. 69; *Henderson* v. *Gray,* 58 Miss. 882; *Banking Co.* v. *Fields,* 84 Miss. 662; *Nicholson* v. *Fields,* 111 Miss. 639; *Davenport* v. *Collins,* 95 Miss. 371; *Biby* v. *Broome,* 116 Miss. 70-77; Redmond 1. Redmond, 104 Miss. 512.; *Alexander* v. *Richardson,* 106 Miss. 517; *Armstrong* v. *Thomas,* 112 Miss. 272. The case of *Thomas* v. *Thomas,* 53 So. 630, may be of assistance in solving the riddle.

It is not for the court to seek possible flaws in a will because the presumption is that the testator did not intend to violate any law. 28 R. C. L., pages 206-07; *Ball* v. *Phelan,* 94 Miss. 293. This case should be reversed,

*Ray & Spivey,* for appellee.

The will of Sophie Gross violates the rule against perpetuities and her residuary legatees took in fee simple, free from any of the conditions and limitations sought to be imposed by the will. Section 2269, Hemingway's Code (section 2765, Code of 1906); *Smith* v. *Muse,* 98 So. 436, 134 Miss. 827; *Hudson* v. *Gray,* 58 Miss. 882; *Middlesex Banking Co.* v. *Field,* 37 So. 139, 84 Miss. 646; *Nicholson* v. *Fields,* 71 So. 900, 111 Miss. 638.

SMITH, C. J., delivered the opinion of the court.

This is a suit for a partition of land in which the appellees were the complainants in the court below, and the appeal is from a decree rendered in accordance with the prayer of the bill. Several questions are presented for decision, one of which lies at the threshold of the case, and, if decided adversely to the appellees, will dispose of their right to prosecute this particular suit, and render the decision of the other questions unnecessary.

The title of the parties to a part, if not to all, of the land arises under the will of Mrs. Sophie Gross, deceased. Mrs. Gross left surviving her several children, and the land here in question was devised to them as follows:

"I give, bequeath, and devise to all of my children equally all of the remainder of the property that I may own at my death, but I invest my son in law, A. H. Latham, and my nephew, Julius G. Loeb, . . . with the legal title to the interest or share of my daughter, Cylla Gross Hiller, given her in the 6th and 8th item of my will, and direct and command that the income only thereof be paid to her as long as she lives and should she die without issue, the *corpus* of her share of my estate, subject to the contingency herein stated, shall go to my

son and other daughters or their descendants in equal shares, *per stirpes.* If she shall die leaving issue, then such issue shall inherit her share in fee simple, but in which event such share shall be held by my executors until such issue arrive at the age of twenty-one years and the income thereof only shall be paid such issue, during their minority. But should my said daughter, Cylla, survive her present husband she shall take her share of said estate in fee simple.''

The will also sets forth in separate items a similar limitation over on the death of two of the testator's other children, and then proceeds as follows:

''My will and desire is, in the case stated, that my property shall not pass from the ownership of my blood kin. So in the cases stated to effectuate this will and desire, should the issue, if any, die before arriving at the age of twenty-one years, leaving no brothers or sisters surviving them then the interest of such issue shall go to their uncle or aunt or their descendants.''

The eleventh item of the will is, in part, as follows:

''I now name, constitute and appoint said A. H: Lehman and Julius G. Loeb, trustee as aforesaid and executors of my will,'' etc.

Cylla Gross Hiller died, leaving her husband and three children surviving her, and the bill of complaint was filed by these children, one of whom is an adult, and the other two are minors, and sued by a next friend.

The decree of the court below directing the sale of the property recites:

''. . . Appearing to the satisfaction of the court, that the will of Sophie Gross, made an exhibit to the pleadings herein, is void, and that the title to all of the lands, owned by her at the time of her death, vested in fee simple in her six children,'' etc.

The contention of counsel for the appellees is not that the will is void *in toto,* but that it provides for a succes-

sion of more than three donees, thereby violating section 2765, Code of 1906 (section 2269, Hemingway's Code), from which it follows that the limitations over after the death of the first donees are void, and that consequently the first donees, the children of Mrs. Gross, took the interests in the land devised to them in fee simple. In other words, the contention, in effect, is that the life estate devised to Mrs. Hiller is increased to an estate in fee for the reason that the devise of the remainder, after the termination of her life estate, is void.

The provision of section 2765, Code of 1906 (section 2269, Hemingway's Code), here invoked, is as follows:

"Any person may make a conveyance or a devise of lands to a succession of donees then living, not exceeding two, and to the heirs of the body of the remainderman, and, in default thereof, to the right heirs of the donor, in fee simple."

Since Mrs. Hiller died leaving issue, the devise over on her death without issue is now of no consequence; so that, leaving out of view, for the present, the trust feature thereof, the devise is to Cylla Gross Hiller for life, and should she die leaving issue, to such issue in fee simple; and "should her issue, if any die before arriving at the age of twenty-one years, leaving no brothers or sisters surviving them, then the interest of such issue shall go to their uncle or aunt or their descendants."

In this devise, Mrs. Hiller is the first, and her children who take the land in fee simple are the second donees. This fee in the children is defeasible on their dying before becoming twenty-one years of age, leaving no sisters or brothers surviving them. This limitation over on the death of Mrs. Hiller's children is said to be void by counsel for the appellees, for the reason that it is possible thereunder for the land to pass not only to a third, but to a further succession of donees. The

devise is probably not susceptible of that construction; but, assuming, for the purpose of the argument, that it is, what then results?

The two donee statute, like the rule against perpetuities is not a rule of construction or a test by which to determine intention, "its object is to defeat intention. Therefore every provision in a will or settlement is to be construed as if" the statute did not exist (Gray, Rule Against Perpetuities [2d Ed.], section 629), and then, to the provision of the will or settlement so construed, the statute must be applied, and whatever portion thereof is violated by it must be rejected, but the remainder thereof, if otherwise valid, should be enforced. In other words:

"If future interests created by an instrument are avoided by (the statute or) the rule against perpetuities, the prior interests become what they would have been had the limitation of the future estates been omitted from the instrument." Gray, Rule Against Perpetuities (2d Ed.), section 217.

And "when there is a good absolute gift, and the settlor or testator goes on, in an additional clause, to modify the gift, and, by modifying it, makes it, in part, too remote, the modification is rejected *in toto,* and the original gift stands." Gray, Rule Against Perpetuities (2d Ed.), section 423; *Smith* v. *Muse,* 134 Miss. 836, 98 So. 436; *Nicholson* v. *Fields,* 111 Miss. 638, 71 So. 900.

Tested by this rule, the will, in so far as it devises the land to Mrs. Hiller for life, with remainder after her death to her children in fee, does not violate the two donee statute; and, if the limitations over on the death of Mrs. Hiller's children before becoming twenty-one years of age are void, as the appellees contend, they would simply be inoperative, with the result that the estate in fee devised to these children would become absolute, for the

reason that the provision by which it was to be reduced to a life estate on the happening of a certain event is eliminated by the statute from the will.

Coming now to the trust feature of the devise, it follows from the foregoing views that the trustees, Lehman and Loeb, hold the interest in the land devised to Mrs. Hiller and her children, complainants in the court below, in trust for them, which trust will terminate when all of the complainants, the children of Mrs. Hiller, become twenty-one years of age, prior to which time they are without the right to maintain a suit for the partition of the land. We are not here concerned with the right of the parties hereto to obtain a partition of the land in such manner as to preserve the various trusts created by the will, for such is not the purpose of this proceeding, the trust feature of the will being here disregarded.

*Reversed and remanded.*

On suggestion of error. Judgment modified, and cause dismissed.

For former opinion, see 110 So. 855.

SMITH, C. J., delivered the opinion of the court on suggestion of error.

Suggestions of error have been filed for both the appellants and the appellees. Counsel for the appellees, in addition to rearguing the case, call our attention to the fact that, by a codicil, Mrs. Gross appointed the Mississippi State Bank as executor and trustee of her will in the place of Lehman & Loeb. They further state, and the fact appears—though somewhat obscurely—from the record that an administrator *cum testamento annexo* of Mrs. Gross' estate was appointed, who settled with and has been discharged by the chancery court of Madison

county. From this they argue that the trust has become inactive and therefore the appellees have the right to maintain the bill under the rule announced in *Chandler* v. *Chandler,* 111 Miss. 525, 71 So. 811. That was a case of a strictly passive trust. The one here is active, and that there may be no trustee now discharging it is of no consequence, for a trustee may be appointed at any time by the proper chancery court. We adhere to the views hereinbefore expressed.

The appellants suggest that a final judgment should have been rendered here dismissing the bill, with which suggestion we agree, so, instead of remanding the case to the court below, the cause will be here dismissed.

*So ordered.*