NORFLEET *v.* NORFLEET *et al.*[*]

(Division B. Dec. 17, 1928.)

[119 So. 306. No. 27510.]

[*]Corpus Juris-Cyc. References: Perpetuities, 30Cyc, p. 1523, n. 17.

*Joseph W. Hopkins,* for appellant.

*Dulaney & Jacques,* and *Holmes, Canale, Loch & Glankler,* for appellees.

Argued orally by *J. W. Hopkins*, for appellant, and *J. E. Holmes* and *J. W. Dulaney*, for appellee.

ANDERSON, J.   Appellees filed their bill in the chancery court of Tunica county against the heirs of John Chambliss Norfleet and the devisees and legatees under his will, for the construction of said will, and a partition of a plantation in Tunica county devised by the terms thereof.   Appellant, Vance Norfleet, alone, contested the construction which the appellees sought to have put upon the will.   There was a trial on bill and answers thereto, including the answer of the appellant, Vance Norfleet, and proofs, resulting in a final decree in favor of appellees.   From that decree, the appellant prosecutes this appeal.

John Chambliss Norfleet died owning a one-sixth undivided interest in fee in the land sought to be *partited* by the bill in this case, the other five-sixths undivided in-

terest in said land being owned by the brothers and sisters, Cecil M. Norfleet, J. P. Norfleet, Mrs. Ada Lee Riley, Mrs. Eugenia Cronkrite, and Mrs. Wilson N. Felder, each of whom also owned a one-sixth undivided interest therein in fee. John Chambliss Norfleet was unmarried when he died and left no issue surviving him. He left a last will and testament in which the land sought to be *partited* was disposed of by the first paragraph of item four thereof. This paragraph is the one in controversy, and is in this language:

"Item four: It is further my will that the balance of my property, both real, personal and mixed, and of whatever kind or character that I may die seized and possessed of, or, in which I may have any interest at the time of my death, and wheresoever the same may be situated, I do hereby give, devise and bequeath to my three sisters and two brothers, share and share alike; Mrs. Wilson Norfleet Felder; Mrs. Ada Lee Norfleet Riley; Mrs. Eugenia Norfleet Conkrite; Jesse P. Norfleet, and Cecil M. Norfleet, But, if either of my said sisters or brothers should die without leaving descendants of their body surviving them, then, in that event, the share or interest of said sister or brother so dying without leaving descendants surviving is to vest in her or his brothers and sisters share and share alike, the descendants of any deceased sister or brother to take the share of its parent."

By the first clause of item four, the testator devised his residuary estate (of which the land involved was a part) to his three sisters, Mrs. Wilson Felder, Mrs. Ada Lee N. Riley, Mrs. Eugenia N. Conkrite, and his two brothers, J. P. and Cecil M. Norfleet, share and share alike. Under that clause of the will, the testator's undivided one-sixth interest in the land involved was devised in fee to his three sisters and two brothers, share and share alike, which gave to each of them a one-thirtieth undivided interest in the land in addition to

the one-sixth interest which each of them already owned. However, by the second clause of item four of the will the testator undertook to limit the fee so devised by providing that, if either of his sisters or brothers should die without leaving issue surviving him or her, the share or interest of such sister or brother should vest in his or her surviving brothers and sisters share and share alike, the descendant or descendants of any deceased brother or sister to take the share of their parent.

We think it plain that clause two of item four comes within the condemnation of our Two Donee Statute (section 2765, Code of 1906; section 2424, Hemingway's 1927 Code), *Smith* v. *Muse*, 134 Miss. 827, 98 So. 436; *Hudson* v. *Gray*, 58 Miss. 882. By that clause, taken in connection with the first clause of item four, although the land was devised to a succession of donees then living, the number of donees exceeded the limit fixed by the statute—two. There were five instead of two. The testator undertook, in the second clause, to cut down the fee devised by the first clause, by providing that the estate granted in the first clause should be defeasible during the period from the date of the testator's death until there should be left only one surviving brother or sister, during which period the fee in the share given each brother or sister was subject to be defeated upon his or her death without issue. *Smith* v. *Muse, supra,* is conclusive of this question. The controlling principle in that case manifestly controls in the present case.

The result is that the first takers, the five surviving brothers and sisters of the testator, took the testator's undivided one-sixth interest in the lands involved in fee.

*Affirmed.*