RILEY *v.* NORFLEET *et al.*

(Division A. June 12, 1933.)

[148 So. 777. No. 29714.]

Watkins, Asbill & Watkins, of Atlanta, Ga., **Sillers & Roberts**, of Rosedale, and **Green, Green & Jackson**, of Jackson, for appellant.

J. W. Dulaney and J. W. Bell, both of Tunica, and Holmes, Canale, Loch & Glankler, of Memphis, Tenn., for appellees.

Argued orally by **Edgar Watkins** and **Garner Green**, for appellant, and by **J. W. Dulaney** and **J. E. Holmes**, for appellees.

**Cook, J.**, delivered the opinion of the court.

The appellant, Mrs. Ada Norfleet Riley, on behalf of herself, and as guardian and next friend of her two minor children, James L. Riley, Jr., and Octavia Riley, filed a bill of complaint in the chancery court of Tunica county, against her brother, J. P. Norfleet, seeking to enforce specific performance of a conditional contract for the sale of her interest, and that of her two minor children, if any they had, in six separate tracts of Mississippi Delta lands therein particularly described. A demurrer was interposed to the bill, and thereupon an amended bill was filed naming J. P. Norfleet, his brother, Cecil M. Norfleet, and his two sisters, Mrs. Eugenia N. Cronkrite and Mrs. Wilson N. Felder, as defendants. To this amended bill, J. P. Norfleet and his sister, Mrs. Eugenia N. Cronkrite, interposed separate demurrers which were sustained, and, from the decree sustaining these demurrers, this appeal was prosecuted.

The contract, specific performance of which was sought, was executed by and between J. P. Norfleet and Mrs. Riley on July 27, 1928, and thereby Mrs. Riley agreed to

sell, and Mr. Norfleet agreed to buy, an undivided one-fifth interest of Mrs. Riley in all of the lands therein described, and all personal property located on and used in connection with either or all of said tracts of land, including the crops and rents for the year 1928, and also including her undivided one-fifth interest in and to the trust created by a conveyance in trust made by Mrs. Riley's father, F. M. Norfleet, all for a consideration of one hundred twenty thousand dollars, of which five thousand dollars was paid upon the signing of the contract, and the balance was payable in installments to be evidenced by the promissory notes of J. P. Norfleet, secured by deed of trust on the interest in said land conveyed by Mrs. Riley. The contract further recites:

"It is the opinion of both the parties hereto and of their counsel that what is known in Mississippi as the 'two-donee' statute applies to the limitations on the interest of Mrs. Riley obtained in the above described tracts by virtue of the will of her brother, Cham Norfleet, and by virtue of the conveyance made in trust by her father, and by virtue of the will of her father; and that under such statute, the limitations over the title to such lands are void; and Mrs. Riley agrees to join, when and if requested by counsel for Mr. Norfleet, with other persons interested or in her own name or as guardian for her children, as may be determined, in appealing any decision of the trial court of Tunica county, Mississippi, to the supreme court of the state of Mississippi, so that there may be a final determination of the application or non-application of said statute; Mrs. Riley further agrees that if the supreme court of Mississippi should not hold that said 'two-donee' statute applies and should hold that the limitations over are good, then Mrs. Riley, for herself and on behalf of her descendants, shall apply to the proper court in Mississippi to authorize her to make this sale and to reinvest the proceeds for the use of herself and for the use of the said remainderman.

"If the supreme court should hold that the limitation over of her interest in any of said lands is a valid limita-

tion, and it should become impossible to obtain an order of the court permitting a sale and reinvestment for the benefit of the said remainder interest, then this contract shall terminate and the respective interests of the parties shall be as follows:

"Mrs. Riley shall retain five thousand ($5,000) dollars paid her and shall accept such interest as may be awarded her in the partition suits now pending in Tunica county, Mississippi, and the accounting herein agreed to shall be accepted as final.

"It is, however, further understood, contracted, and agreed that in the event aforesaid Mrs. Riley shall be unable to deliver title to all the parcels set aside to her, that J. P. Norfleet agrees and binds himself to lease her interest in all such lands and personal properties for and during the period of five (5) years next after January 1, 1929, at and for an annual rental of six thousand ($6,000) dollars per year, payable on or before December 31st of each year, said six thousand ($6,000) dollars to be net to Mrs. Riley, the said lessee to pay all taxes and to keep the property in as good repair and the live stock and farm equipment equal in value as they shall be on January 1, 1929.

"It is further agreed between the parties hereto that a decree shall be entered in the partition suits now pending in Tunica county, Mississippi, on or about August 1, 1928, decreeing partition, decreeing the respective interests of the parties, and appointing commissioners to make partition; and that said decrees shall also construe the said trust instrument made by F. M. Norfleet and the will of the said Cham Norfleet.

"It is also agreed by Mrs. Riley that when the courts, by virtue of the 'two-donee' statute, or by virtue of authorizing her to sell for reinvestment and she is given or has the right and authority so to do, she will execute a general warranty deed, or deeds, conveying her interest in all of the above described property to J. P. Norfleet, or designee, upon the payment of the remainder of the cash consideration and the execution of the notes and

trust deed above described. Said Norfleet signing said notes whether title taken in his name or in the name of any person designated by him.

"When Mrs. Ada Lea Riley sells and conveys all of said property to J. P. Norfleet, or his designee, in accordance with the above and foregoing agreements, then J. P. Norfleet agrees to assume and pay Mrs. Riley's one-fifth of the losses, if any, for the operation of said properties herein conveyed during the year 1928, and also to pay her one-fifth of all state and county taxes for the year 1928, on said property, and also to pay all amounts, if any, which might be due by Mrs. Ada Lea Riley to Sledge & Norfleet Company or to J. P. Norfleet, trustee, from the operations of the properties which J. P. Norfleet has heretofore held as trustee, and he shall exonerate her interest in all of the above described property of any and all claims or liens existing against said trust as of date December 31, 1928; and J. P. Norfleet shall likewise be entitled to all of the profits, rents, and accounts, if any, from the operations of said properties for the year 1928, or prior thereto; and Mrs. Riley will relinquish any and all claims which she has against the said J. P. Norfleet, individually or as trustee, growing out of the operation of any or all of said properties; and J. P. Norfleet, individually, and as trustee, will cancel all claims which he has against Mrs. Riley growing out of the operation of said properties; and J. P. Norfleet further agrees, when said properties are conveyed to him as above provided, to pay all court costs in said partition suits and other proceedings that may be found necessary to prosecute that might otherwise be chargeable against Mrs. Riley in each and all of the pending suits in Tunica county, Mississippi, and in any appeal or appeals, that may be taken from a judgment of the trial court or in other proceedings that may be filed; and it is further agreed that Mrs. Riley shall not be liable for any attorneys' fees, other than such fees which she may be obligated to pay to her own attorneys.

"It is further agreed that, regardless of whether or not

Mrs. Riley can obtain the right and power to sell the above described property, the accounting tendered by J. P. Norfleet is accepted as correct and is hereby ratified and approved by Mrs. Riley; and she further agrees to withdraw her answer heretofore filed in that cause pending in the chancery court of Tunica county, Mississippi, wherein J. P. Norfleet, trustee, et al., are complainants, and Mrs. Ada Lea Riley et al., are defendants, and in lieu of said answer which she has withdrawn she will file another answer ratifying, approving and confirming the accounts of J. P. Norfleet, trustee, and in accordance with the terms of this agreement.''

After the execution of the foregoing contract, the said Cecil M. Norfleet, Mrs. Eugenia Cronkrite, and Mrs. Wilson N. Felder entered into a contract with J. P. Norfleet whereby they each agreed to purchase from him an undivided one-fourth interest in and to said contract with Mrs. Riley, and for the transfer and assignment of said interests each of them obligated and bound himself to assume and bear one-fourth of the duties and obligations assumed by, and imposed on the said J. P. Norfleet by reason of the said contract with Mrs. Riley.

The interest of Mrs. Riley in all of these lands, except two plantations, called Flower Lake and Perkins places, which she contracted to convey to J. P. Norfleet, was acquired under the wills of her father, Frank M. Norfleet, and her brother, John Chambliss Norfleet, as construed in the cases of Norfleet v. Norfleet, 151 Miss. 790, 119 So. 306, and Norfleet v. Owen (Miss.), 121 So. 812, and is admitted to be an interest in fee-simple absolute, and therefore no question arises on this record as to her title to an undivided one-fifth interest in all of these lands, except the Flower Lake and Perkins places. Her interest and that of her two minor children in the said Flower Lake and Perkins places were acquired under the provisions of the trust instrument executed by her father on the 1st day of September, 1918, which was before this court for construction in the case of Shannon v. Riley, 153 Miss. 815, 121 So. 808, 811, 75 A. L. R. 768, wherein

the material provisions of the instrument are set forth and may be referred to without repetition here.

At the time of the execution of the contract between Mrs. Riley and her brother, J. P. Norfleet, it is apparent from the provisions thereof that it was the opinion of the respective parties thereto that the limitations on her interest contained in the said trust instrument were void, but provision was made therein for an attempted conveyance of the interest of herself and her minor children in the event such limitations were held to be valid, and, further, for the lease of said interest for a period of five years in the event it was impossible to deliver a complete and perfect title to said interest. At that time the case of Shannon v. Riley, supra, was pending in the chancery court of Tunica county, and on appeal to this court it was held that the said trust instrument did not violate section 2765, Code 1906, the two-donee statute. In construing this instrument, the court held that the class of beneficiaries holding for the ten-year period constituted the first donee, declaring that ''there unfolds out of it the clear intent and purpose to treat and consider the income-taking beneficiaries under it as a unified class, keeping them together during the ten-year period as a connected group, with the appropriate provisions for the naturally interrelated fluctuations necessary, and no more than necessary, to preserve the unity of the group, and the keeping together at the same time and for the same period of the income-producing property as an undivided unity.'' As to the second donee, it was held that, after the expiration of the ten-year class donation, ''the then surviving children of the donor are each to take in the property a separate part then for the first time divided and delivered over to him or her in kind, and in that separate and separated part a life estate, which thereupon will make the said child of the donor a second donee under the statute;'' and that (a) ''at the death of each child the said separate and separated property in which he or she had a life estate goes, in fee simple, to the heirs of his or her body,'' or (b) ''if, at the time

of the termination of the life estate, there be no heirs of the body of the particular remainderman, then the fee in that separate portion goes to the heirs at law of the donor, in the same manner as would a lapsed devise.''

After the decision in Shannon v. Riley, supra, the appellee, Mrs. Riley, secured herself to be appointed as legal guardian of her two minor children, and thereupon she filed an ex parte petition in the chancery court of Tunica county on behalf of herself individually, and as guardian of her two minor children, James L. Riley, Jr., and Octavia Riley, seeking authority to sell to J. P. Norfleet, in accordance with her contract so to do, her life estate and the defeasible remainder of her two children in the Flower Lake and Perkins plantations. On the hearing of this petition, a decree was entered reciting that it was for the benefit of the remainder interests, and necessary in order to prevent deterioration of the property and depreciation of the value thereof, that it be sold and the proceeds invested for the use and benefit of the life tenant, Mrs. Riley, and the minor remaindermen then living, or any child or children that might be born to Mrs. Riley, and was to the best interest of any other person or persons who should, on the death of Mrs. Riley, inherit said property, that it be sold and the proceeds thereof be held as a fund and invested under the orders of the court for the use of the said Mrs. Riley during her life, and for her descendants on her death, or any other person or persons who may or might inherit it or be entitled thereto on the death of the said Mrs. Riley, said fund to be in lieu of said land and personal property, and stand in the place and stead thereof.

The decree further recited that the price offered by J. P. Norfleet was an adequate consideration for said land and personal property, and far in excess of any amount that could be obtained at public sale or from any other purchaser at private sale, and authorized the said guardian to sell said property owned by her and described in the aforesaid contract, on the terms and for the consideration named in the contract. The decree further

adjudged that the value of Mrs. Riley's life estate, and the lands and property owned by her in fee as described in the contract, was forty thousand dollars, and that the full and fair value of the remainder interest was not in excess of eighty thousand dollars; that the best interest of the minors and remainderman would be promoted by the sale of their interest at and for said sum of eighty thousand dollars; and further adjudged that the said guardian for herself and for her said minor children, and for and on behalf of any or all of her descendants, born and unborn, be authorized and directed to sell said land and personal property to J. P. Norfleet, at private sale, on the terms, conditions, and for the consideration provided in said contract; and that she be empowered, authorized, and directed to convey to him, or his designee, by warranty deed, a fee-simple title to all the said lands and personal property, it being further provided that the said conveyance should include all the right, title, and interest of the said Mrs. Riley in and to said land and personal property, and should convey all of her right, title, and interest as guardian of her said minor children, and all the right, title, and interest of the descendants of the said Mrs. Riley, born and unborn, in and to said lands and personal property.

It was further provided that, if the sale of the said property could not be made strictly in compliance with the terms and provisions of the contract, she was authorized and empowered to make the sale by a substantial compliance with the terms and conditions of the contract. She was thereby required to invest two-thirds of the consideration received from said sale, from which she was to receive the interest during her life, and she was required to execute bond in the sum of twenty thousand dollars, binding her and her sureties to pay, on her death, to the remaindermen entitled thereto, the principal of said eighty thousand dollars, less any cost of administration. The court retained jurisdiction of the cause to enforce its decree, to change the character of the investment, and to decide and decree who were the

remaindermen at the time said Ada Lea Riley dies, and directed that a report of the said sale be made for approval and confirmation by the court.

After the rendition of this decree, a warranty deed was tendered to J. P. Norfleet, signed by Mrs. Ada Lea Riley, individually, and by her as guardian of the estates of James L. Riley, Jr., and Octavia Riley, minors, purporting to convey to him the land and property covered by the aforesaid contract, in fee simple, free and clear from the claims of said minors and other remaindermen, if any such there should be. In addition to the monetary consideration named therein, this deed recites that it was executed in pursuance of a contract of settlement of conflicting interests between Ada Lea Riley on behalf of herself, and as guardian of her minor children, and J. P. Norfleet, and also that it was made in pursuance of a decree of the chancery court of Tunica county authorizing and directing the said Mrs. Riley "to sell her life estate and the interest of the said minor remaindermen and the interest of all other remaindermen to J. P. Norfleet for and in consideration of eighty thousand dollars, that being two-thirds of the consideration named in said contract of settlement of July 27, 1928." The said J. P. Norfleet refused to comply with his contract and accept the deed, on the ground that it did not convey a title free from embarrassment and reasonable doubt. Thereafter this suit was filed in the court below, resulting as already herein stated.

Since this appeal has been pending in this court, James L. Riley, Jr., has reached the age of twenty-one years and has filed a motion to be permitted to join in the appeal as a party ratifying the acts of his former guardian. On an ex parte petition filed in the chancery court of Tunica county, the disabilities of minority of Octavia Riley were removed generally so as to enable her to sell and convey her interest in the said lands covered by the contract between her mother and J. P. Norfleet, and she has likewise filed a motion to be permitted to join in the

appeal. Both of these motions are pending for hearing with the merits of the cause.

From the decision in the case of Shannon v. Riley, supra, it was definitely ascertained that the interest of Mrs. Riley and each of her living brothers and sisters in the separate and separated share in the Flower Lake and Perkins plantations acquired by him or her under and by virtue of the aforesaid trust instrument and the will of their deceased brother, John Chambliss Norfleet, consisted of (a) an estate for life in one of the five equal shares; (b) an undivided one-fifth in the same share in reversion upon the death of such life tenant without issue surviving; (c) an undivided one-fifth interest in reversion in the share allotted to each of the other life tenants under the trust instrument, the vesting of such reversion in the share of either or any of such life tenants being contingent upon the death of such life tenant without issue surviving. The interest of the descendants of each of the said life tenants was thereby definitely ascertained as being a remainder in the share of such life tenant contingent upon their surviving the said life tenant. Consequently, after the expiration of the ten-year trust period provided for by the said trust instrument, the whole title to the said Flower Lake and Perkins plantations consisted of thirty-five separate interests, namely, five estates for life, five remainders in five separate groups of persons, and twenty-five separate reversionary interests.

There is sought, by the bill of complaint herein, to enforce specific performance of a private contract for the sale of a life estate, contingent remainder interests, and interests in reversion, in land, the authority of the complainant, appellant here, to perform, and her tender of performance being based upon a decree of the chancery court in a statutory guardianship proceeding wherein the guardian of the then living minor contingent remaindermen was the only party. The power of a court of equity on a plenary bill, with adversary interest properly represented, to sell contingent remainders in land,

under some circumstances, though the contingent remaindermen are not then ascertained or in being, as, for instance, to preserve the estate from complete or partial destruction, is well established. Kelly v. Neville, 136 Miss. 429, 101 So. 565, and authorities there cited; Crawford v. Solomon, 131 Miss. 792, 95 So. 686; Ruggles v. Tyson, 104 Wis. 500, 79 N. W. 766, 81 N. W. 367, 48 L. R. A. 809. But, in an ex parte proceeding instituted by a guardian on behalf of his wards only, the court has no power to authorize the sale of the interest of possible remaindermen who are not before the court in person or by representation, and a deed tendered by a guardian of particular remaindermen in pursuance of the authority of a decree rendered in such a proceeding would convey only the title of the particular wards of the guardian, and would not convey a title free from embarrassment and reasonable doubt such as a proposed purchaser of a title in fee-simple absolute can be required to accept. And the offer of the remaindermen, after attaining their majority, or having their disabilities of minority removed, to join in the conveyance, as was done here, could add no strength to the title proposed to be conveyed.

Furthermore, the deed tendered by the appellant as a compliance with her contract does not purport to convey, as she could not convey, the reversionary interests of her brother and sisters other than the proposed grantee, J. P. Norfleet, in the appellant's one-fifth interest or share in these two plantations. And this material defect in the tendered title was not cured by reason of the fact that this brother and these sisters have each contracted with J. P. Norfleet to purchase an undivided one-fourth interest in his contract with the appellant, and have each been made parties defendant to the amended bill herein. There is no privity of contract between the appellant and her brother, Cecil M. Norfleet, and her two sisters, Mrs. Cronkrite and Mrs. Felder, all of whom are nonresidents who were summoned by publication only. Neither Cecil M. Norfleet nor Mrs. Wilson N. Felder has entered their appearance in this cause, and the appellant was not entitled

to enforce the specific performance of the separate contract between J. P. Norfleet and her other brother and sisters, which contract they may or may not perform. In the deed tendered, the appellee J. P. Norfleet was the only grantee, as must of necessity have been the case, as he was the only party obligated by the contract to purchase upon the tender of a fee-simple title. A title that can only be perfected by the compliance of third parties with a contract to purchase an interest in the title from a proposed grantee thereof, if the outstanding reversionary interests can be here so acquired, cannot be said to be a fee-simple title free from embarrassment and reasonable doubt, and particularly so when compliance with such a contract may have to be obtained, if at all, by the uncertain method of suits against nonresidents for specific performance of the contract of purchase.

The decree of the court below sustaining the demurrers will therefore be affirmed.

Affirmed.