Lambdin *v.* Lambdin, et al.

Division B.   Nov. 6, 1950.

No.  37624  (48  So.  (2d)  341)

Coleman & Green, for appellant.

674

676

Laub, Adams, Forman & Truly, for appellees.

. . .''

**Holmes, C.**

This is a suit in equity originating in the chancery court of Adams County. The suit was brought on the petition of the appellees, Samuel H. Lambdin and James Harrison Lambdin, against S. H. Lambdin, Jr., Waldo P. Lambdin, Jane Norvelle Lambdin, Ann Mayrant Lambdin, Mrs. Elizabeth B. Winston, S. L. Winston, Jr., Mrs. Sarah Winston Dicks, Mrs. Louise Winston Sessions, H. L. Winston, Mrs. Margaret Beaird, Everett Craig, Chase Craig, the unknown Heirs-at-Law of Mrs. Mildred Craig, Deceased, Mrs. Marie L. Henderson, DuVal Henderson, Jr., Margaret Henderson DiTucci, Elizabeth Henderson McSweeney, the unknown Heirs-at-Law of J. H. Lambdin, Deceased, the unknown Heirs-at-Law of Mrs. Louisa W. Winston, Deceased, the unknown Heirs-at-Law of Miss Mary P. Lambdin, Deceased, and any and all persons having or claiming any right, title, claim or interest at law or in equity in the property herein involved, and the unknown Heirs-at-Law of any of the parties named as defendants who may now be dead.

Personal service of process was obtained upon the resident defendants, and publication of summons was duly and regularly made for the nonresident defendants, and for those defendants whose whereabouts were alleged to be unknown, and for all other persons, whether in esse or not in esse, having or claiming any right, title, claim or interest, at law or in equity of, in and to the property herein involved. A guardian ad litem was appointed for the minor defendants in esse, and also for all parties unborn who might have any interest, whether at law or in equity, in said property.

The real property involved is described as that tract of land in Adams County, Mississippi, known as Edgewood Plantation, situated in Section 44, Township 8 North, Range, 2 West, which was owned by Miss Mary P. Lambdin in her lifetime, and the respective interests therein of the parties here involved arise under and by virtue of the last will and testament of 'Miss Mary P. Lambdin, deceased, which was duly probated, and the pertinent provisions of which are the first and second paragraphs thereof, reading as follows: ''First:—I give and bequeath unto my sister, Mrs. Louisa W. Winston, the sum of one thousand ($1,000.00) dollars and unto my nephew, Duval Henderson, the sum of one thousand ($1,000.00) dollars, these legacies to be a first charge and lien upon my Edgewood Plantation, in Adams County, Mississippi.

''Second:—Subject to the lien and charge of said legacies to Mrs. Louisa W. Winston and Duval Henderson, I hereby give and devise my Edgewood Plantation, in the Pine Ridge neighborhood, in Adams County, State of Mississippi, as follows and upon the terms, conditions and limitations fully set forth below, to-wit: (1) Unto my two nephews, Samuel H. Lambdin and James Harrison Lambdin, (children of my deceased brother S. H. Lambdin) as equal tenants in common for life, that is to say, unto said Samuel H. Lambdin an undivided one-half share and interest for the term of his natural

life and unto the said James Harrison Lambdin an undivided one-half share and interest for the term of his natural life; (2) at the death of my said nephew Samuel H. Lambdin the half share and interest given him as above for life shall become at once vested in the heirs of his body in fee simple; but should he die unmarried and without issue, then the same shall be vested in his brother James Harrison Lambdin (if surviving) for the balance of his life, and if not surviving or at his death in the heirs of his body in fee simple; (3) at the death of my said nephew James Harrison Lambdin the half share and interest given him as above for life shall become at once vested in the heirs of his body in fee simple; but should he die unmarried and without issue, then the same shall be vested in his brother Samuel H. Lambdin (if surviving) for the balance of his life, and if not surviving or at his death in the heirs of his body in fee simple; (4) but should both my said nephews Samuel H. Lambdin and James Harrison Lambdin die without leaving lawful child or children surviving or lawful heirs of the body, then in that event the title to the said Edgewood Plantation shall revert to and become vested in fee simple in those who are then my heirs at law under the present statutes of descent and distribution of the State of Mississippi. It is my intent, purpose and desire by the foregoing provisions to keep the said Edgewood Plantation in the Lambdin family, so far as by law I am permitted to do.''

It was shown that at the time of the institution of this suit the administration of the estate of the said Miss Mary P. Lambdin had long been closed and the executor discharged.

The petition alleged that the appellees were the owners of a life estate in said property which they acquired under the aforesaid will of Miss Mary P. Lambdin, deceased, and that the parties named as defendants to this suit were the owners of remainder interests therein. The petition further alleged that the said property con-

sisted of approximately 150 acres of land located about seven miles from the City of Natchez in the Pine Ridge neighborhood in Adams County, Mississippi, and that there was situated thereon an ante-bellum home more than one hundred years old, which was not occupied by the appellees or any of the defendants to the suit. It further alleged that the surface of the land was unproductive and that there was insufficient revenue therefrom to pay the taxes, insurance, and repairs thereon, and that while it was in the immediate vicinity of the Pine Ridge oil field, it was impossible to lease the same for oil, gas, and mineral production because of the involvement of the title arising from the terminology of the aforesaid will of the said Miss Mary P. Lambdin, and further alleged that an offer of $25,000.00 had been made for an oil, gas, and mineral lease on said property, but that the same could not be accepted because of the involvement of the title. The petition further alleged that renewed activity in oil exploration in the vicinity of the property was in prospect, and that it would be impossible to take advantage of any advantageous offers of that nature in view of such involvement of title, and that in the absence of relief in a court of equity, the property would suffer deterioration, and would become wasted and destroyed, and lost to the owners. The petition prayed a decree of the court decreeing the interests of the appellees as life tenants and the interests of the remaindermen in said property be sold or leased in whole or in part and the proceeds thereof held in trust for the benefit of the life tenants and the remaindermen, and further prayed that the title of the life tenants and remaindermen be divested out of them and vested in a commissioner with authority to sell or lease the property in whole or in part, under the guidance and supervision of the chancery court, and hold the proceeds thereof to be dealt with in lieu of the original property under the will of the said Miss Mary P. Lambdin, and that the life tenants be paid the interest derived from such proceeds, and that the corpus thereof

be preserved for the benefit of the other parties interested.

Decrees pro confesso were taken against such of the defendants as failed to answer, and the adult defendants answering admitted the allegations of fact in the petition, but denied the power of a court of equity to render the decree prayed for, and denied the right of the life tenants to receive the interest on the proceeds of the property if sold or leased as prayed for.

The guardian ad litem for the living minors and the guardian ad litem for the unborn minors answered, neither admitting nor denying the allegations of the petition, but entrusting to the court the interests of the minors whom they purported to represent. The case was heard on an agreement of facts, and upon oral and documentary evidence adduced at the hearing. The proof fully sustained the allegations of the petition. At the conclusion of the hearing the trial court entered its decree finding that all parties in interest had been duly and legally served with process and were properly before the court, and that the court had full jurisdiction both of the parties and of the subject-matter, and further found that the facts as alleged in the petition were true, and that the petitioners, who are the appellees here, were entitled to the relief prayed for, and having so found granted the prayer of the petition.

The appellant, S. H. Lambdin, Jr., who was one of the defendants in the court below, prosecuted this appeal, and proper service of process in this court was obtained on all parties appealing from the decree of the court below.

The appellant assigns as error, (1), that the court was without jurisdiction of the suit, and had no jurisdiction of the subject-matter to adjudicate and dispose of the interests of unborn children, and, (2), that the court erred in appointing a guardian ad litem for unborn persons, and was without jurisdiction to appoint a guardian ad litem for unborn children, and, (3), that

the court erred in decreeing that upon the sale or lease of the corpus of the estate, and the conversion of the lands into personalty, and the reinvestment of funds derived therefrom, the appellees are entitled to any payment from said funds for the term of their lives or the life of the survivor of them.

Appellant, by his first assignment of error, challenges the jurisdiction of the court to render the decree entered in the court below, and particularly the power and jurisdiction of the court to adjudicate and dispose of the interest of unborn children. The power of a court of equity to enter said decree under the established facts and circumstances in this case has been upheld by this Court in Kelly v. Neville, 136 Miss. 429, 101 So. 565, and that decision was approved in the case of Riley v. Norfleet, 167 Miss. 420, 148 So. 777, 781, wherein the Court said: "The power of a court of equity on a plenary bill, with adversary interest properly represented, to sell contingent remainders in land, under some circumstances, though the contingent remaindermen are not then ascertained or in being, as, for instance, to preserve the estate from complete or partial destruction, is well established." We are asked by the appellant to overrule the case of Kelly v. Neville, supra, but this we are unwilling to do. However, the power which this decision recognizes in a court of equity is broad and should be exercised with caution and only in those cases where the need clearly appears as in the case at bar.

The appellant contends further that the trial court erred in appointing a guardian ad litem for unborn persons. It is unnecessary to inquire into the right or power of the court to make the appointment since in our opinion the appointment was harmless and therefore constituted no prejudicial error.

It is next contended by the appellant that the court erred in decreeing that upon a sale or lease of the property, and the conversion of the same into personalty, and the reinvestment of funds derived therefrom, the ap-

pellees as life tenants are entitled to the payment of the interest derived from such funds for the term of their lives, or the life of the survivor of them. We find no merit in this contention. Since the court had the power and jurisdiction to render the decree entered in the court below, it follows necessarily that the funds derived from any sale or lease of the property will stand in lieu of the property, and that the rights of parties under the will with respect to said funds will be preserved to the same extent as existed in the property. Hence, the life tenants will become entitled to the income or interest from said funds in accordance with their respective interests under the will.

We are accordingly of the opinion that the decree of the court below must be affirmed.

Affirmed.

PER CURIAM. The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.